NEW BEDFORD FISHERMEN'S WELFARE FUND, BY ITS TRUSTEES, et al., Plaintiffs, Appellants,

v.

BALTIC ENTERPRISES, INC., et al., Defendants, Appellees.

No. 86–1537.

United States Court of Appeals, First Circuit.

Argued Jan. 6, 1987.

Decided March 11, 1987.

William M. Straus with whom Lang, Straus, Xifaras & Bullard, P.A., New Bedford, Mass., was on brief, for plaintiffs, appellants.

Roger Stanford with whom Stanford & Schall, New Bedford, Mass., was on brief, for defendants, appellees.

Before COFFIN, Circuit Judge, ALDRICH and ROSENN,[*] Senior Circuit Judges.

COFFIN, Circuit Judge.

■ This case requires us to decide whether a federal district court has subject matter jurisdiction to entertain an action initiated by a multiemployer employee benefit fund under the Employment Retirement Income Security Act of 1974 ("ERISA") to collect unpaid contributions accruing after the expiration of a collective bargaining agreement. We join the Fifth and Ninth Circuits in holding that the "pri-

mary jurisdiction" of the National Labor Relations Board precludes such an exercise of jurisdiction. *See U.A. 198 Health & Welfare, Education & Pension Funds v. Rester Refrigeration Service, Inc.*, 790 F.2d 423 (5th Cir.1986); *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co.*, 779 F.2d 497 (9th Cir.1985), *cert. granted*, — U.S. —, 107 S.Ct. 1283, 94 L.Ed.2d 142 (1987).

Appellants New Bedford Fishermen's Welfare Fund and New Bedford Fishermen's Pension Trust ("Funds") are multiemployer trust funds established pursuant to section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(g). Appellee Baltic Enterprises, Inc. ("Baltic") entered a written collective bargaining agreement obligating itself to make employer contributions to the Funds beginning on March 28, 1982. On March 27, 1985, the collective bargaining agreement expired and, since that date, Baltic has failed to make any contributions to the Funds.

The Funds initiated an action in federal court seeking to compel Baltic's payment of the allegedly delinquent contributions. They reason that Baltic has a duty under *NLRB v. Katz*, 369 U.S. 736, 745, 82 S.Ct. 1107, 1112, 8 L.Ed.2d 230 (1962), to honor the terms of the expired collective bargaining agreement until the parties reach an impasse in negotiations. The Funds' complaint alleged jurisdiction based on section 301 of the LMRA, 29 U.S.C. § 185, and sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145. The district court granted Baltic's motion to dismiss due to lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and this appeal ensued.[1]

■ The Funds correctly assert that, until negotiations reach an impasse, employers such as Baltic are required by law to continue paying trust fund contributions even after the expiration of a collective

---

[*] Of the Third Circuit, sitting by designation.

1. Appellants have withdrawn their appeal as to the district court's decision denying jurisdiction pursuant to section 301 of the LMRA.

bargaining agreement. *Peerless Roofing Co. v. NLRB,* 641 F.2d 734 (9th Cir.1981); *Hinson v. NLRB,* 428 F.2d 133 (8th Cir. 1970). Failure to do so constitutes an unfair labor practice under sections 8(a)(1) and 8(a)(5) of the NLRA, 29 U.S.C. § 158(a)(1), (5). *NLRB v. Haberman Construction Co.,* 641 F.2d 351, 357 (5th Cir. 1981) (en banc). The initial determination of whether a challenged activity is an unfair labor practice, however, generally rests with the Board, not with the federal courts. In *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the Supreme Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board...." *Id.* at 245, 79 S.Ct. at 779.

■ ERISA section 502, 29 U.S.C. § 1132(a)(3), is an exception to the general rule that federal courts must always defer to the Board's determination. It authorizes multiemployer benefit funds to sue employers directly in federal district court to collect delinquent contributions due under section 515. Section 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

29 U.S.C. § 1145. ERISA, however, does not explicitly govern suits to collect delinquent contributions that accrue *after the expiration* of a collectively bargained agreement. Furthermore, a review of the statute and its legislative history—which are more than adequately discussed in the opinions of both Judges Pregerson and Wisdom—does not persuade us that Congress sought to extend the subject matter

jurisdiction of the federal courts to encompass cases such as the one before us today. *See Rester Refrigeration,* 790 F.2d at 426 (Wisdom, J.); *Advanced Lightweight Concrete,* 779 F.2d at 501–03 (Pregerson, J.). Rather than rehearse these arguments yet again, we simply adopt the analysis contained in those opinions.

■ As Judge Wisdom has stated:

> The key issue on the merits is whether the parties have reached an impasse. To resolve this issue, the factfinder must consider a variety of factors such as the bargaining history, the importance of the issue or issues on which the parties disagree, the number of meetings between the parties, the length of the meetings, and the amount of time elapsed since negotiations began. The outcome often turns on slight factual differences. Because of its specialized expertise, the Board is particularly qualified to decide such a question.

*Rester Refrigeration,* 790 F.2d at 426 (footnote omitted). We likewise believe that the proper course is to defer to the Board's "primary jurisdiction" to determine whether Baltic's conduct amounted to an unfair labor practice. We therefore affirm the decision of the district court dismissing the complaint, and note that such dismissal was properly without prejudice to the Funds' right to assert their claims before the Board and to take such future action in the federal courts as may be appropriate.[2]

*Affirmed.*

---

**2.** Although appellants argued for a stay rather than a dismissal, a stay would be inappropriate in view of our holding that the district court lacked subject matter jurisdiction. The authorities cited by the appellants in support of their argument for a stay were all cases in which an *issue* was stayed pending a decision by the NLRB. The courts in those cases did not, as here, lack subject matter jurisdiction over the entire controversy.