**Dock BROWN, Plaintiff-Appellant,**

v.

**Mrs. Marian G. SHINBAUM, Individually, Defendant-Appellee.**

No. 86–7389.

United States Court of Appeals,
Eleventh Circuit.

Sept. 28, 1987.

Kenneth F. Antley, Atlanta, Ga., for plaintiff-appellant.

Don Siegelman, Atty. Gen., Bullington M. Garrett, Asst. Atty. Gen., Thomas R. Allison, Montgomery, Ala., for defendant-appellee.

Before RONEY, Chief Judge, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Brown, an Alabama inmate, brought this *pro se* civil rights action against the Director of Classification of the Alabama Department of Corrections alleging that his constitutional rights were violated by the prison's classification procedures. This case comes to us in the posture of an appeal from the grant of summary judg-

ment to the defendant. However, we do not reach the merits of the case, because the notice given to the plaintiff under Fed. R.Civ.P. 56(c) was insufficient.

This case is controlled by *Griffith v. Wainwright,* 772 F.2d 822, 824–25 (11th Cir.1985). *Griffith* held that summary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed.R.Civ.P. 56(c). At a minimum, it is required that:

> [A]n adverse party must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default....
>
> We have also recognized the especial care which must be exercised when an action is brought alleging denial of basic constitutional liberties by an indigent prisoner lacking formal legal training.

*Griffith,* 772 F.2d at 825; *Moore v. Florida,* 703 F.2d 516, 520 (11th Cir.1983).

The notice received by Brown read as follows:

> The motion filed herein April 15, 1986, asking this Court to enter summary judgment in favor of defendant, Mrs. Marian G. Shinbaum, pursuant to Rule 56, *Federal Rules of Civil Procedure,* is
>
> ORDERED to be submitted on the motion, the pleadings and any documents or other evidence the movant has heretofore filed or the plaintiff may wish to file on or before April 28, 1986.

This order completely fails to inform Brown of the "consequences of default," *e.g.,* the fact that final judgment may be entered without a full trial, and the fact that the defendants' evidence might be accepted as the truth if it is not contradicted by Brown's affidavits. Moreover, the order mentions that Brown may file "evidence" before April 28, but it does not specify that the evidence must be in the form of sworn affidavits.

In addition to being inadequate, this order did not satisfy the ten-day notice requirement of Rule 56(c). *Herron v. Beck,* 693 F.2d 125, 126–27 (11th Cir.1982), noted

that it is well established in this circuit that the ten-day notice requirement is strictly enforced. The order in this case was entered April 16, 1986 and Brown was given until April 28, 1986 to file evidence. Under Fed.R.Civ.P. 6(a), a time period of less than eleven days excludes Saturdays and Sundays. Four days between April 16 and April 28, 1986 were Saturdays and Sundays. Therefore, the notice in this case was untimely.

Since Brown was not properly notified under Rule 56(c), we must vacate the judgment of the district court and remand the case for further proceedings.

VACATED AND REMANDED.