Willie James JOHNSON; Robert S. Gilder; etc., and William Franklin, Plaintiffs-Appellants,

v.

PULLMAN, INC.; Pullman Standard, a Division of Pullman, Inc.; Pullman Standard, Inc.; Pullman Transportation Co., et al., Defendants-Appellees.

No. 86–7911
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 20, 1988.

Willie J. Johnson, pro se.

William Franklin, pro se.

Robert S. Gilder, pro se.

Charles Kelso, Michael C. Towers, Fisher & Phillips, Fisher & Phillips, Atlanta, Ga., for defendants-appellees.

Before RONEY, Chief Judge, and HILL and FAY, Circuit Judges.

PER CURIAM:

On February 27, 1981, defendant Pullman Standard, Inc. permanently closed its manufacturing plant in Bessemer, Alabama and gave its employees the choice of electing severance pay or permanent lay-off status. Approximately a year later, Pullman entered into negotiations with the employees' union in contemplation of a possible reopening of the plant. The negotiations were unfruitful and, in February of 1984, the facility was sold to Trinity Industries,

Inc. Trinity did not recall Pullman's workers who were on lay-off status and three of these employees filed suit against Pullman and Trinity alleging fraud and breach of contract in violation of Section 301 of the Labor Management Relations Act, 29 U.S. C.A. § 185. The district court dismissed Trinity as a defendant, dismissed the fraud claim and the request for an accounting against Pullman, and granted Pullman's motion for summary judgment on the contract claim. We affirm.

■ The dismissal of Trinity as a defendant was correct. In purchasing the Pullman plant, Trinity was not bound by a "successorship" clause requiring it to adopt Pullman's collective bargaining agreement or to hire Pullman's past employees. Trinity was not a party to the collective bargaining agreement and it could not therefore be held accountable for any breach of that agreement.

■ The district court correctly dismissed plaintiffs' claim for fraud as barred by the statute of limitations. At the time that this case was filed, Alabama provided a one-year limitation for fraud, accruing from the time that a party knew or should have known of the facts giving rise to the fraud. Ala.Code § 6–2–39 (1975), *repealed and replaced by* Ala.Code § 6–2–38 (Supp. 1987) (providing two-year statute of limitations). Plaintiffs' claim for fraud is premised on the allegation that Pullman misled them into accepting lay-off status by false representations regarding the potential for future employment. Plaintiffs' complaint, however, notes that in February and March of 1982, Pullman stated that it would not recognize recall rights of its laid-off employees. Because plaintiffs did not bring this action until August of 1984, more than one year from the date of Pullman's statements, plaintiffs' fraud claim is barred.

■ Although plaintiffs' complaint contained a count in which an accounting was sought, that relief would not be available here absent some independent cause of action. This count of the complaint was appropriately dismissed.

The court granted summary judgment to defendant Pullman on the contract claim on two grounds: the court lacked jurisdiction, and the claim was barred by the statute of limitations.

A procedural question is raised by the district court's handling of Pullman's motion for summary judgment. Before a motion for summary judgment may be granted, the law of this Circuit requires "10–day advance notice to the adverse party that the motion will be taken under advisement by the trial court as of a certain day...." *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). *Milburn,* like this case, involved litigants who were represented by counsel.

Upon filing of this motion, the district court entered the following order:

The pending motion for summary judgment filed by defendants will be deemed submitted for a decision as of November 21, 1986 on the basis of the verified material filed in support of and in opposition to motion and brief presented to the court by that date. DONE this 4th day of November, 1986.

Plaintiffs, who were represented by counsel in the district court but proceed *pro se* on this appeal, did not file a response in opposition to Pullman's motion for summary judgment.

In several cases involving *pro se* litigants, this Court has held that, in addition to the 10–day warning, a party must receive notice of "his right to file affidavits or other material in opposition to the motion and of the consequences of default." *Griffith v. Wainwright,* 772 F.2d 822, 825 (11th Cir.1985). *See also Brown v. Shinbaum,* 828 F.2d 707 (11th Cir.1987) (holding inadequate notice similar to that excerpted above because it failed to inform of the consequences of default or specify that evidence must be in the form of sworn affidavits).

■ Since the district court's order satisfied the 10–day notice requirement, the only question here is whether the order was inadequate because it did not specifically mention the right to file affidavits and the consequences of default. We do

not believe that these notice requirements, developed in the context of cases involving *pro se* litigants, are applicable when litigants are represented by counsel.

This Court has repeatedly noted the special care with which *pro se* litigants must be treated and noted that such litigants "occupy a position significantly different from that occupied by litigants represented by counsel." *Moore v. Florida,* 703 F.2d 516, 520 (11th Cir.1983); *Griffith,* 772 F.2d at 825. Given the unique status of *pro se* litigants in our court system, it would be inappropriate to automatically apply rules developed in such cases to cases where parties are represented by attorneys presumably schooled in established court procedures.

Mindful of the "incessant command of the court's conscience that justice be done in light of *all* of the facts," *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984) (quoting *Bankers Mortgage Co. v. United States,* 423 F.2d 73 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970)) (emphasis in original), we hold that the notice given in the instant case was sufficient.

▆▆▆ As to the decision that there was a lack of jurisdiction and that the statute of limitations barred relief, there are no material facts which plaintiffs could have disputed had they submitted affidavits. A federal court has jurisdiction over a suit for a violation of a collective bargaining agreement under section 301 only while the agreement is in force. *See New Bedford Fishermen's Welfare Fund v. Baltic Enterprises, Inc.,* 813 F.2d 503 (1st Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1074, 99 L.Ed.2d 234 (1988); *U.A. 198 Health & Welfare, Education & Pension Funds v. Rester Refrigeration Service, Inc.,* 790 F.2d 423 (5th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 1074, 99 L.Ed.2d 233 (1988); *Office and Professional Employees Insurance Trust Fund v. Laborers Funds Administrative Office of Northern California, Inc.,* 783 F.2d 919 (9th Cir. 1986). Claims arising from expired agreements are actionable as unfair labor practices and, as such, are within the exclusive jurisdiction of the National Labor Relations Board. *San Diego Buildings Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). The agreement in this case expired on April 4, 1981. Plaintiffs contend that their six-year seniority rights arising from the agreement effectively extended the life of the agreement so as to give the court jurisdiction and to extend the limitations period. The pertinent case law does not support plaintiffs' position. *See Cooper v. General Motors Corp.,* 651 F.2d 249, 250–51 (5th Cir. Unit A July 1981) (seniority rights are born from collective bargaining agreements and do not exist beyond the term of such agreements).

AFFIRMED.