Lois M. SOMERVILLE,
Plaintiff–Appellant,

v.

J.C. HALL, Defendant–Appellee.

No. 92–3239

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 5, 1993.

Ana C. Martinez, Atty. General's Office, Dept. of Legal Affairs, Tallahassee, FL, for defendant-appellee.

Before HATCHETT and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Somerville appeals from the granting by the trial court of summary judgment against

**35.** *See United States v. King,* 972 F.2d 1259 (11th    Cir.1992).

her. Defendant Hall filed a motion to dismiss the complaint. The trial court converted it to a motion for summary judgment under the provisions of Rule 12(b), Federal Rules of Civil Procedure. The court held that summary judgment should be granted because Somerville failed to establish, either by affidavit or other materials, any material issue of fact. We note initially that this is a *pro se* action by Dr. Somerville. In construing Rule 12(b), we have previously held in *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir.1985):

> [O]ur jurisprudence requires at least this: that an adverse party be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other materials in opposition to the motion, and of the consequences of default.

Moreover,

> This Court has repeatedly noted the special care with which *pro se* litigants must be treated and noted that such litigants 'occupy a position significantly different from that of litigants represented by counsel.'

*Johnson v. Pullman, Inc.*, 845 F.2d 911, 914 (11th Cir.1988).

In this case, since it is clear that the trial court conversion order made no mention of the consequences of a default in complying with the Rules, we conclude that the judgment must be vacated and the case remanded for further proceedings.

VACATED and REMANDED.