9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl GULLEY, Plaintiff-Appellant,
v.
STATE OF WISCONSIN, Wisconsin Department of Health and
Social Services, Gary J. Maier and Laurence C.
Gram, Jr., Defendants-Appellees.
 No. 92-2996.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.*
Decided Oct. 25, 1993.
Order on Rehearing March 4, 1994.
 
 Before BAUER, CUDAHY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se plaintiff Carl Gulley, a resident of the Mendota Mental Health Institution (Mendota) in Madison, Wisconsin, appeals the district court's grant of summary judgment in favor of the defendants in this civil rights suit. Gulley claims that the defendants administered psychotropic drugs to him without his consent in violation of his First and Fourteenth Amendment rights and his right to privacy. He also claims that he was denied due process and equal protection in the state court proceedings which resulted in his being declared incompetent to refuse treatment, and asserts a pendent claim that the treatment he has received at Mendota has not conformed to standards of adequacy established by state law.
 
 I. BACKGROUND
 
 2
 Carl Gulley was found guilty in 1987 of armed robbery, false imprisonment and attempted armed robbery in the Milwaukee County Circuit Court. After determining that Gulley suffered from mental illness, the court ordered that he be committed to Mendota. While at Mendota, Gulley refused diagnostic tests and treatment for his hypertension, and declined psychotropic medication for his mental disorder. Concerned that Gulley's judgment was impaired, Dr. Gary J. Maier, Director of Psychiatric Services at Mendota, petitioned the Milwaukee County Circuit Court on January 27, 1992 to declare Gulley incompetent to give informed consent to medical or psychiatric treatment, and to permit the physicians at Mendota to treat Gulley for his ailments without his consent. A telephonic hearing on the merits of the petition was held on February 18, 1992, during which Gulley was allowed to cross-examine Maier and to argue against the petition. Circuit Court Judge Laurence C. Gram, Jr. granted the petition, concluding that psychotropic medication could be administered to Gulley for therapeutic purposes without his consent. The judge also informed Gulley of his right to appeal this decision.[1]
 
 
 3
 Gulley then filed suit in federal district court under 42 U.S.C. Sec. 1983, seeking money damages and an injunction to prevent the physicians at Mendota from administering psychotropic medication to him against his will. Gulley also invoked the supplemental jurisdiction of the court on a state law claim concerning the adequacy of the treatment he was receiving at Mendota. In an interim order, the district court denied Gulley's motion for summary judgment and dismissed all defendants in the case except Dr. Maier, Judge Gram, the State of Wisconsin and the Wisconsin Department of Health and Social Services.[2] Trial was set to begin on August 14, 1992, and Gulley's motion for an extension of time to file a pretrial report was granted on July 30, 1992.[3] The following day, however, the district court granted the remaining defendants' motion for summary judgment. This timely appeal followed.[4]
 
 II. ANALYSIS
 
 4
 A district court's grant of a motion for summary judgment is reviewed de novo. Williams v. Anderson, 959 F.2d 1411, 1413 (7th Cir.1992). A motion for summary judgment shall be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). In determining whether an issue of material fact exists, we must view the record and all inferences that may reasonably be drawn from it in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Williams, 959 F.2d at 1413. When confronted with a motion for summary judgment, the party who bears the burden of proof on a particular issue may not, however, merely rest on his pleadings; he must instead affirmatively demonstrate by specific factual allegations that there is a genuine issue of material fact entitling him to a trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Fed.R.Civ.P. 56(e). Moreover, if the nonmoving party does not respond to the motion, "summary judgment, if appropriate, shall be entered against [him]." Fed.R.Civ.P. 56(e).
 
 
 5
 The defendants urge us to affirm the district court's grant of summary judgment on the ground that Gulley failed to respond to their motion, as required by Federal Rule of Civil Procedure 56(e). As this court stated in Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), and more recently in Kincaid v. Vail, 969 F.2d 594 (7th Cir.1992), cert. denied, 113 S.Ct. 1002 (1993), "if a defendant in a suit brought by a prisoner pro se moves for summary judgment, he must warn the plaintiff in plain English of the consequences of not submitting affidavits to oppose the motion for summary judgment." 969 F.2d at 599; see Lewis, 689 F.2d at 102. Uninformed pro se prisoners must be given a "reasonable opportunity" to respond to a motion for summary judgment, which in the context of pro se litigation includes explicit notice--in plain English--of the consequences of their failure to respond. Kincaid, 969 F.2d at 599. In this case, the defendants' failure to give Gulley notice of the consequences of not responding to their motion undoubtedly confused Gulley. Having submitted his own motion for summary judgment with supporting affidavit, and having been granted an extension of time to provide the district court with a pretrial report only one day before summary judgment was entered against him, Gulley was apparently unaware of the urgent need to respond to the defendants' motion, and could reasonably have believed that his case was proceeding to trial. See Timms v. Frank, 953 F.2d 281, 286 (7th Cir.) (plaintiff believed that she "would have an opportunity to argue the evidence ... at a hearing or at trial"), cert. denied, 112 S.Ct. 2307 (1992). This conclusion is further supported by the fact that, in denying Gulley's motion for summary judgment, the district court stated, "it appears from a review of the record that a genuine issue of material fact remains at this time concerning the procedure followed prior to the involuntary administration of psychotropic drugs to plaintiff." Gulley v. State of Wisconsin, No. 92 C 160 (W.D.Wis. July 16, 1992) (unpublished order). The district court did not, however, give notice to Gulley that he was nevertheless required to respond to the defendants' summary judgment motion. Under these circumstances, we decline to affirm summary judgment solely on the ground of technical noncompliance with Rule 56(e). See Kincaid, 969 F.2d at 598-99; Ross v. Franzen, 777 F.2d 1216, 1219 (7th Cir.1985); Lewis, 689 F.2d at 102; see also Neal v. Kelly, 963 F.2d 453, 455-57 (D.C.Cir.1992); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir.1988); Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir.1987).
 
 
 6
 This does not, however, end our inquiry. A failure to give the notice required under Lewis v. Faulkner does not call for a remand if Gulley was not prejudiced by that failure. See Kincaid, 969 F.2d at 599; Timms, 953 F.2d at 286; Kelley v. McGinnis, 899 F.2d 612, 615 (7th Cir.1990) (per curiam ). If our review of the record and controlling law leads us to conclude that Gulley could not have avoided summary judgment even if he had received adequate notification of the need to respond to the defendants' motion, summary judgment must be affirmed. See, e.g., Timms, 953 F.2d at 286 (citations omitted).
 
 
 7
 In Washington v. Harper, 494 U.S. 210 (1990), the Supreme Court held that a prison inmate "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." 494 U.S. at 221-22. In Riggins v. Nevada, 112 S.Ct. 1810 (1992), the Court reiterated that the substantive liberty interest of a person in criminal custody to refuse treatment with psychotropic drugs stems directly from the Fourteenth Amendment Due Process Clause, and that this right may not be abrogated "absent a finding of overriding justification and a determination of medical appropriateness." 112 S.Ct. at 1815; see also Felce v. Fiedler, 974 F.2d 1484, 1494 (7th Cir.1992). In a prison setting, this overriding justification exists when the prison inmate "has a serious mental illness ... is dangerous to himself or others and the treatment is in the inmate's medical interest." Harper, 494 U.S. at 227. Gulley therefore has a qualified liberty interest in refusing psychotropic medication which is protected by the Fourteenth Amendment. See Felce, 974 F.2d at 1494-95.
 
 
 8
 We next consider whether the procedures employed by the state were constitutionally sufficient to protect that liberty interest, see Harper, 494 U.S. at 220; Felce, 974 F.2d at 1488, keeping in mind that "procedural protections must be examined in terms of the substantive rights at stake ... [and the] conditions under which competing state interests might outweigh [those substantive rights]." Harper, 494 U.S. at 220 (quoting Mills v. Rogers, 457 U.S. 291, 299 (1982)) (internal quotations omitted); see Felce, 974 F.2d at 1488. In evaluating those procedures, we assess the relative weight of several factors, including (1) Gulley's liberty interest in avoiding unwanted medication; (2) the risk of erroneously depriving him of that interest through the procedures that were used; (3) the incremental value of additional procedural safeguards; and (4) the burden on the state that additional procedures would create. See Felce, 974 F.2d at 1496 (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).
 
 
 9
 A prison inmate's interest in avoiding unwanted psychotropic medication has been recognized as significant. See Harper, 494 U.S. at 229-30; Felce, 974 F.2d at 1496-97; Williams, 959 F.2d at 1416. In this case, Gulley's right to refuse such medication was curtailed following a judicial determination of incompetence. In reaching its decision, the state court considered a petition submitted by Gulley's treating physician, Dr. Maier, in which Dr. Maier stated that for a period of over eighteen months, Gulley had refused to allow the staff at Mendota to treat his hypertension, that Gulley exhibited impaired judgment and was unable to give informed consent to medical or psychiatric treatment, and that one other doctor, who had administered a written personality test to Gulley, believed that Gulley would benefit from psychotropic medication. No independent corroborative evidence from any other physician, psychiatrist or psychologist was submitted with the petition. No evidence indicating that Gulley presented a danger to others was offered; there was, moreover, no evidence presented that Gulley's refusal to undergo treatment for hypertension posed an immediate danger to his own health. The state court held a telephonic hearing, which consisted of a four-way telephone call involving Dr. Maier, Judge Gram and Gulley, in which the state was represented by Assistant District Attorney Kenneth Berg and Gulley appeared pro se. Attorney Berg examined Dr. Maier. Gulley was allowed to present arguments against being medicated. Gulley and Dr. Maier then argued with each other. No other psychiatrist testified, and no other medical evaluations or statements from doctors, apart from those of Dr. Maier, were offered into evidence. In ensuring that an inmate's right to avoid unwanted and unnecessary psychotropic medication is adequately protected, both the Supreme Court and this court have emphasized the importance of obtaining an independent medical evaluation of the inmate by someone other than the physician seeking to administer the medication to the inmate. See Harper, 494 U.S. at 222-23 & n. 8, 228-29, 233; Felce, 974 F.2d at 1499-1500. Because the procedural protections used in this case fall short of that standard, summary judgment in favor of Dr. Maier must be vacated.[5]
 
 
 10
 We do agree, however, that Judge Gram is entitled to summary judgment in his favor. As the district court pointed out in its July 16, 1992 order, Judge Gram is protected by judicial immunity from damage suits under Sec. 1983. Moreover, the record before us is devoid of any evidence indicating that this case might require the extraordinary remedy of issuing an injunction against the judge in order to protect Gulley from irreparable harm to his constitutional rights. See Pulliam v. Allen, 466 U.S. 522, 537-39 (1984). Summary judgment in favor of Judge Gram is therefore affirmed.
 
 
 11
 After dismissing Gulley's constitutional claims, the district court proceeded to review the merits of his state law claim of inadequate and inhumane treatment in violation of Wis.Stat. Sec. 51.61. Under the rule of United Mine Workers v. Gibbs, 383 U.S. 715 (1966), dismissal of the federal claims from a lawsuit usually requires a relinquishment of jurisdiction over the state law claims. Id. at 726-27. This general rule is, however, subject to exceptions. Where the district court has already committed substantial judicial resources to resolving a case, the court may, in an exercise of its discretion, retain supplemental jurisdiction to decide the state law claims on their merits.[6] See Rosado v. Wyman, 397 U.S. 397, 403-05 (1970); Graf v. Elgin, Joliet and Eastern Ry. Co., 790 F.2d 1341, 1347-48 (7th Cir.1986). Our review of the record before the district court reveals that the material facts brought forward in support of Gulley's state law claim largely overlap those brought forward in support of his constitutional claims. The district court thus did not commit a clear abuse of discretion in retaining jurisdiction over Gulley's state law claim.[7] See Graf, 790 F.2d at 1347-48.
 
 
 12
 We must, however, vacate the court's grant of summary judgment on this claim as well because our review of the record convinces us that the defendants failed to meet their initial burden of establishing that they were entitled to judgment as a matter of law. See Adickes, 398 U.S. at 157; Fed.R.Civ.P. 56(c). We observe that the brief submitted to the district court in support of defendants' motion for summary judgment does not cite any cases interpreting Wis.Stat. Sec. 51.61, or present any cogent argument concerning the legal standard of adequate care, Sec. 51.61(1)(f), and humane environment, Sec. 51.61(1)(m), created by that statute, or discuss why the applicable legal standard has been met in this case.[8] (R. at 23.) Under these circumstances, summary judgment in favor of the State of Wisconsin and the Wisconsin Department of Health and Social Services must also be vacated.
 
 CONCLUSION
 
 13
 For the reasons set forth above, summary judgment in favor of Judge Gram is affirmed, and summary judgment in favor of Dr. Maier, the State of Wisconsin and the Wisconsin Department of Health and Social Services is vacated. On remand, the district court should consider appointment of counsel to represent Gulley. This case is remanded for further proceedings consistent with this order.
 
 
 14
 AFFIRMED in part, VACATED and REMANDED in part.
 
 ORDER
 
 15
 March 4, 1994.
 
 
 16
 This case comes before us on a petition for rehearing filed by the defendants pursuant to Federal Rule of Appellate Procedure 40(a). On appeal, the defendants argued that summary judgment in favor of the Wisconsin Department of Health and Social Services (Department) be affirmed, and we declined. The defendants now petition for rehearing on the ground that summary judgment was never entered in favor of the Department, the Department having been dismissed from this suit pursuant to Fed. R. Civ. P. 12(b)(6) by the district court's order of July 16, 1992. See Gulley v. State of Wisconsin, No. 92 C 160 (W.D. Wis. July 16, 1992). We agree.
 
 
 17
 "An appeal from a final judgment brings up for review by the appellate court all orders (except those that have become moot) rendered by the trial court previously in the litigation." In re Grabill Corp., 983 F.2d 773, 775 (7th Cir. 1993) (citing United States v. Clark, 445 U.S. 23, 25-26 n.2 (1980)). We therefore consider whether Gulley's state law claim against the Department was properly dismissed under Rule 12(b)(6). Our review of the record and controlling law leads us to conclude that the supplemental jurisdiction of the district court was properly invoked, the Department was a proper defendant in this case, and Gulley's complaint states an arguable claim for relief against the Department under Wis. Stat. Sec. 51.61 and Wis. Admin. Code Secs. HSS 94.01-94.29. See, e.g., State ex rel. Jones v. Gerhardstein, 141 Wis.2d 710, 416 N.W.2d 883 (Wis. 1987); State ex rel. Watts v. Combined Community Services Bd., 122 Wis.2d 65, 362 N.W.2d 104 (Wis. 1985). We therefore REVERSE the dismissal of Gulley's pendent state claim against the Department.
 
 
 18
 The disposition of this case remains the same in all other respects. Thus, summary judgment in favor of Judge Gram is AFFIRMED, and summary judgment in favor of the State of Wisconsin and Dr. Gary J. Maier is VACATED for the reasons stated in this court's order of October 25, 1993. This case is remanded for further proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 (R. at 27, Exh. III, Transcript of Proceedings.)
 
 
 [2]
 In consideration of the defendants' motion to dismiss, the district court determined that Judge Gram was absolutely immune from suit for monetary damages, but that Gulley's claim for injunctive relief against the judge survived. The court also determined that although the State of Wisconsin and the Department of Health and Social Services are immune from Sec. 1983 suits, Gulley's allegations against the State and the Department were sufficient to support his pendent claim of inhumane and inadequate treatment, brought pursuant to Wis.Stat. Sec. 51.61. Gulley v. State of Wisconsin, No. 92 C 160 (W.D.Wis. July 16, 1992) (unpublished order). We note that, contrary to defense counsel's letter of January 19, 1993, defendants Linda Belton and Beth Cox were dismissed from this suit by that order
 
 
 [3]
 (R. at 39.)
 
 
 [4]
 Gulley's subsequent motions for relief pending appeal were denied
 
 
 [5]
 In his motion to dismiss Gulley's amended complaint, Dr. Maier pleaded the affirmative defense of qualified immunity. Cf. Maul v. Constan, 928 F.2d 784, 785-86 (7th Cir.1991) (waiver of qualified immunity defense). Because he did not argue that defense in his motion for summary judgment, we express no opinion concerning whether Dr. Maier is qualifiedly immune from suit in this case
 
 
 [6]
 On December 1, 1990, Congress codified the doctrine of pendent jurisdiction under the name "Supplemental Jurisdiction." See 28 U.S.C. Sec. 1367
 
 
 [7]
 This conclusion is further supported by the permissive language of 28 U.S.C. Sec. 1367(c), which states that a district court "may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. Sec. 1367(c)(3)
 
 
 [8]
 Indeed, this undeveloped record prevents us from reaching a sound conclusion concerning whether Gulley may have been prejudiced by the dismissal of his state law claim due to the defendants' failure to provide him with adequate notice of the need to respond to their motion for summary judgment. See, e.g., Timms, 953 F.2d at 286