[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12346
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01338-LTW

FIRST-CITIZENS BANK & TRUST COMPANY, INC.,
Successor by merger with Ironstone Bank,
f.k.a. Atlantic States Bank,

Plaintiff-Appellee,

versus

THOMAS MICHAEL BRANNON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 12, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Thomas Brannon appeals the district court's[1] grant of summary judgment to First-Citizens Bank & Trust Company, Inc. ("First-Citizens"), on its complaint "to collect a sum certain memorialized in loan documents."  The thrust of Brannon's arguments on appeal is that First-Citizens refused a court order to produce certain documents, including a full loan history, which Brannon believes would show he is not in default on the loan.

## I.

In April 2016, First-Citizens sued Brannon in federal district court "to collect a sum certain memorialized in loan documents."  According to the complaint, Brannon was in default on a $190,000.00 loan that he had obtained from a predecessor by merger to First-Citizens.

In August 2016, First-Citizens moved for summary judgment, relying primarily on an affidavit by Tracy B. Hinnant, First-Citizens's Senior Real Estate Resolution Specialist.  Hinnant, referencing several documents attached to the affidavit, swore to the following facts.

On November 25, 2003, Brannon borrowed from First-Citizens's predecessor the principal sum of $196,000.00, which was memorialized in an

---

[1] The parties consented to the exercise of jurisdiction by a magistrate judge, who entered final judgment in this case.  *See* 28 U.S.C. §  636(c).  We refer to the magistrate judge's decision as that of that district court.

agreement executed that same day.[2]   In connection with the loan, Brannon executed a security deed in favor of the predecessor bank, which First-Citizens acquired by merger in 2011.   As of June 2016, Brannon owed First-Citizens $195,586.39 in principal, plus interest, late fees, and attorney's fees.   To establish the amounts owed, Hinnant cited an attached computer printout showing a "Statement of Account and Loan History" from October 28, 2014, through March 31, 2016, as well as her "personal[] familiar[ity]" with Brannon's debts.

Brannon, according to Hinnant, was in default on the loan.   Hinnant averred that "Brannon failed to pay the principal and interest when due.   Accordingly, Defendant Brannon has defaulted under the terms of the Loan Documents." Hinnant Aff. (Doc. 9-1) ¶ 13.   But the affidavit does not provide any other details about Brannon's purported default, such as dates payments were due but not made. *See, e.g.*, *id.* ¶ 17 ("Defendant Brannon is in default, has not cured the default, and is still in default as of the date of this Affidavit.").   Nor does the affidavit explain how the Statement of Account established that Brannon is in default.

Nevertheless, it appears to be undisputed that no payments have been credited to Brannon's account after July or August of 2015.   The Statement of

---

[2] Despite Hinnant's claim that the amount of the debt was "memorialized" in the attached loan agreement, however, the "Equity Line Agreement" attached to her affidavit simply reflects that Brannon could borrow up to $196,000 for a period of fifteen years from November 25, 2003. That was his credit limit, in other words, not the amount that he actually borrowed.  He agreed to make monthly interest payments on any amounts borrowed based on a variable interest rate. Brannon also agreed "to pay the entire balance owing in a single balloon payment" at the date of maturity, November 25, 2018.

Account printout supports that assessment, showing only "fees" added and no "regular payment[s]" made after August 2015.

In his response to First-Citizens's motion for summary judgment, Brannon denied that he was in default or that he owed the amount claimed by First-Citizens. He was not in default, he claimed, because First-Citizens had been refusing his regularly scheduled payments "based on their perception of [his] first mortgage status with another bank." According to Brannon, First-Citizens refused to accept his payments until Brannon's first mortgage holder approved a loan modification. Brannon stated that Hinnant had agreed to dismiss this lawsuit and to allow him to bring his loan current once the other bank approved the modification.

Brannon elaborated on these allegations in a later filing, "Defendant's Motion for Counter Claim," before the district court granted summary judgment. He explained that in 2008 First-Citizens's predecessor bank modified the loan agreement to allow the regular payments to be made quarterly and semi-yearly instead of monthly. Doc. 34 ¶ 7. The loan was "paid up and current" until around July 2015, when First-Citizens simply stopped accepting Brannon's payments because he was late on his first mortgage loan with another bank. *Id.* ¶¶ 12–13. First-Citizens told Brannon that it would honor the prior modification of the loan— quarterly and semi-yearly payments—once the first mortgage loan was paid up and current. *Id.* ¶ 14. But, he asserted, the loan was paid and current. *Id.*

4

Brannon further alleged that Hinnant got involved in or around March 2016, representing that she wanted to cure the default and bring the loan current. *Id.* ¶ 18.  But according to Brannon, Hinnant likewise refused to accept his payments until a pending modification of Brannon's first mortgage loan with the other bank was finalized. *Id.* ¶ 19–20.  Brannon stated that he "attempted and was willing to" bring current the loan with First-Citizens, but First-Citizens continued to refuse his payments based on the status of the other loan. *Id.* ¶¶ 21–22.

Ultimately, the district court granted summary judgment to First-Citizens after attempts at mediation and settlement proved unsuccessful.  The court found that, based on Hinnant's affidavit and the attached documents, First-Citizens had established the absence of a genuine dispute of material fact that Brannon defaulted on the loan at some point in 2015 and that he owed the amounts claimed by First-Citizens.  The court concluded that Brannon had not controverted First-Citizens's evidence with anything other than conclusory assertions and that he had not offered "any evidence that Plaintiff refused his payments and thereafter agreed to settle the case and bring his account into good standing."

In addition to granting summary judgment, the district court denied Brannon's motion to bring a counterclaim against First-Citizens, reasoning that First-Citizens would be prejudiced by Brannon's delay in bringing the claim.  The

court also denied Brannon's request to compel discovery, because the court already had ordered First-Citizens to produce the requested documentation.

Brannon now appeals.

## II.

We review de novo a district court's order granting summary judgment, construing the evidence and drawing all reasonable inferences in favor of the non-moving party. *Brooks v. Cty. Comm'n*, 446 F.3d 1160, 1161–62 (11th Cir. 2006). Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The party moving for summary judgment bears the initial burden of demonstrating, by reference to materials on record, the absence of a genuine dispute of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); Fed. R. Civ. P. 56(c)(1). If the moving party meets its burden, the non-moving party generally must set forth by affidavit or other evidence specific facts showing that there is a genuine issue for trial. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## III.

On appeal, Brannon argues, as he did before the district court, that First-Citizens manufactured the default by refusing to accept his regular payments on

6

the loan.  He asserts that at all times, he was willing and able to make the payments but that First-Citizens refused them due to the status of his loan with another bank. He also contends that First-Citizens is withholding a complete statement of his loan history and that summary judgment should not have been granted before First-Citizens produced a complete loan history.

We agree with the district court that First-Citizens met its initial burden of establishing the absence of a genuine issue of material fact.  Although its evidence was sparse and somewhat vague, First-Citizens established that Brannon took out a loan from First-Citizens's predecessor by merger and that he defaulted on the loan in mid-2015 by failing to make regular payments.  In addition, Hinnant's affidavit, citing the Statement of Account, which the district court found admissible as a business record, provided sufficient evidence of the amounts owed.[3]  Accordingly, we conclude that First-Citizens met its initial burden of showing that summary judgment was appropriate, so the burden shifted to Brannon to establish by affidavit or other evidence specific facts showing a genuine issue for trial.  *See Lujan*, 504 U.S. at 561.

We also agree with the district court that Brannon offered no evidence to contradict First-Citizens's motion for summary judgment, though not for the same

---

[3] On appeal, Brannon does not appear to challenge the district court's ruling on this evidentiary issue.  But even if he had, we could not say that the district court abused its discretion in concluding that Statement of Account was admissible as a business record.

7

reasons as offered by the district court.  The district court, in addition to describing Brannon's statements as merely "conclusory," cited the lack of "evidence that Plaintiff refused his payments," thereby suggesting that Brannon needed to file materials corroborating his assertions.  But that is not the rule.  "Federal Rule of Civil Procedure 56 and countless decisions applying it express the modern rule that a case should be put to the jury if there is any genuine issue of material fact, including one created solely by the testimony of a party."  *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013).  Brannon is someone with personal knowledge who would be able to testify about his interactions with First-Citizens and its employees, including Hinnant.  *See* Fed. R. Civ. P. 56(c)(4).  True, some of his statements were conclusory, like the bare assertion that he was not in default.  But not all of Brannon's statements were conclusory.  For example, Brannon's statement that First-Citizens refused his attempts to make his regular payments was not a conclusory assertion.

Nevertheless, Brannon's version of events could not have defeated summary judgment, despite the apparent material conflicts it creates, particularly as to the issue of default, because it was not sworn or made under penalty of perjury.  As a general rule, district courts may not consider unsworn statements when "determining the propriety of summary judgment."  *Gordon v. Watson*, 622 F.2d

8

120, 123 (5th Cir.1980).[4]  Federal law does provide an alternative to making a sworn statement, but requires the statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury.  28 U.S.C. § 1746.  These rules apply even in cases involving pro se litigants.  *Gordon*, 622 F.2d at 123.  Thus, Brannon's failure to rebut First-Citizens's evidence with admissible evidence of his own ordinarily would make the grant of summary judgment appropriate.

But "[w]e have repeatedly emphasized that care must be exercised to ensure proper notice to a litigant not represented by counsel."  *United States v. One Colt Python*, 845 F.2d 287, 289 (11th Cir. 1988).  When a pro se litigant is involved, we have interpreted Rule 56 to require that the district court give clear notice to the litigant of the need to file affidavits or other responsive materials and the consequences of default.  *Farred v. Hicks*, 915 F.2d 1530, 1534 (11th Cir. 1988; *United States v. One Colt Python*, 845 F.2d 287, 289 (11th Cir. 1988).

In *Brown v. Shinbaum*, for example, we held inadequate a summary-judgment notice that failed to provide a pro se litigant notice that the moving party's evidence "might be accepted as the truth if it is not contradicted by [the non-moving party's] affidavits" or to "specify that the evidence must be in the form of sworn affidavits."  828 F.2d 707, 708 (11th Cir. 1987).  When a court does

---

[4] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

not provide the required notice, we will vacate the grant of summary judgment and remand for further proceedings. *Id.*

Here, "[m]indful of the incessant command of the court's conscience that justice be done in light of all of the facts," *Johnson v. Pullman, Inc.*, 845 F.2d 911, 914 (11th Cir. 1988) (internal quotation marks omitted), we hold that the summary-judgment notice in this case was inadequate.

We acknowledge that the summary-judgment notice gave Brannon adequate notice of several important matters, including that a motion for summary judgment had been filed, that he had 21 days to file any materials he wanted the court to consider, and that the court's resolution of the motion could constitute a final judgment on the merits. *See* Doc. 20. The notice also offered this general statement of law:

> Whenever the nonmoving party bears the burden at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the non-moving party must go beyond the pleadings and must designate, by affidavit or other materials, specific facts showing that there is a genuine issue for trial.

However, while the notice generally references the need to submit "affidavits or other materials," it does not specify that Brannon's statements, to be considered at summary judgment, must be in the form of a sworn affidavit or a declaration made under penalty of perjury, pursuant to the requirements of 28 U.S.C. § 1746. *See Brown*, 828 F.2d at 708. Rather, the notice's broad reference

10

to "other materials" suggests that the court might consider whatever specific facts Brannon identified for the court.

Since Brannon was not properly notified under Rule 56, we must vacate the judgment of the district court and remand the case for further proceedings.[5]

**VACATED AND REMANDED.**

---

[5] We therefore do not address Brannon's arguments regarding issues of discovery.