**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1461
_____

CHRISTIAN JAMES LAURIA,

Appellant

v.

C.O. LIEB, Allegheny County Jail, Individual and Official
Capacity; C.O. CARR, Allegheny County Jail, Individual and
Official Capacity; C.O. FORSICKA, Allegheny County Jail,
Individual and Official Capacity; ALLEGHENY COUNTY
JAIL; C.O. RICH GERBER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:22-cv-00486)
District Judge: Honorable Maureen P. Kelly

_____

Argued: February 26, 2025

Before: RESTREPO, MONTGOMERY-REEVES and
SCIRICA, *Circuit Judges*.

(Filed: September 12, 2025)

Jonathan Gibson [**ARGUED**]
Christine A. Monta
Devi M. Rao
Roderick & Solange MacArthur Justice Center
501 H Street NE, Suite 275
Washington, DC 20002

    *Counsel for Appellant*

J. Alfred Bacharach [**ARGUED**]
Allegheny County Law Department
445 Fort Pitt Boulevard, 3rd Floor
Pittsburgh, PA 15219

    *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

**RESTREPO**, *Circuit Judge*

Appellant Christian James Lauria is an incarcerated litigant who brought suit against the Allegheny County Jail and several of its corrections officers for excessive force and deliberate indifference. Lauria proceeded pro se before the District Court and struggled in opposing a motion for summary judgment filed by Appellees. Appellees, who argued that Lauria had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, supported their

motion for summary judgment with an affidavit attesting that prison records contained no evidence of a grievance filed by Lauria. Though Lauria alleged that he had submitted a grievance form through the slot in his cell door, he failed to make this allegation in the form of an affidavit or sworn pleading. The District Court concluded that it was barred from considering Lauria's unsworn allegations and granted summary judgment in favor of Appellees on exhaustion grounds.

The District Court was correct to conclude that Lauria's unsworn allegations could not create an issue of material fact, as we held in *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308 (3d Cir. 2019). But the District Court saw *Doe*'s holding as even more expansive, barring it from considering Lauria's unsworn allegations in any respect at summary judgment. This application of *Doe* was erroneous: our holding in *Doe* does not bar courts from considering unsworn allegations when determining the propriety of an order pursuant to Federal Rule of Civil Procedure 56(e). Accordingly, we will vacate the District Court's order granting summary judgment and remand for further consideration consistent with this opinion.

## I.     Background

On March 18, 2021, Lauria was booked into the Allegheny County Jail as a pre-trial detainee. Lauria alleges that three corrections officers—Officer Daniel Lieb, Sergeant Richard Gerber, and officer David Forsicka—assaulted him that same morning, fracturing his orbital bone. Lauria alleges that he was then "not given proper medical attention, and [was] unlawfully put in a restraint chair for 11 hours." AA37.

Appellees contend that their use of force was justified, since Lauria "threw [playing] cards at Officer Lieb" and "moved toward" him. AB002. Appellees also contend that Lauria was "seen by medical personnel" shortly after the use of force and that he was placed in a restraint chair for "4.5 hours," not the 11 hours claimed by Lauria. AB003–04.

Lauria filed his original complaint against Appellees on March 22, 2022. In this complaint, Lauria alleged that he filed a grievance after the purported assault but "never got a reply." AA23. An identical allegation appears in Lauria's amended complaint, filed on May 2, 2023.

On March 10, 2023, at the start of discovery, Lauria filed his first petition to appoint counsel, wherein he alleged that he does not "speak the Legal Jargin [sic]" and was having trouble "obtain[ing] certain information," including his medical records. AA28. The District Court denied this petition on March 23, 2023, finding that neither "the difficulty of the legal issues involved" in the case nor Lauria's "[in]ability to present his case" justified appointment of counsel. AA30.

After discovery, both Lauria and Appellees moved for summary judgment. Appellees argued that summary judgment should be granted in their favor because Lauria failed to exhaust his administrative remedies. In support, they submitted a declaration from Deputy Warden Blythe Toma, who swore that: (1) inmate grievances are "scanned into OnBase, a searchable computer database" when submitted; and (2) Toma had searched OnBase and found no grievances filed by Lauria between March 18, 2021 and May 20, 2021. AB036.

4

In his opposition to Appellees' motion for summary judgment, Lauria reiterated his claim that he submitted a grievance shortly after the 2021 alleged assault. Lauria alleged that he "put the [g]rievance in the door slot," after which "c/os were responsible for putting the [g]rievance in '[t]he [g]rievance [b]ox.'" AA42. Lauria alleged that he "couldn[']t physically put it in the [g]rievance box because [he] was in segregated housing" and "could only put all paperwork in the door slot." AA45.

On October 31, 2023, Lauria filed a second petition to appoint counsel, once again on the basis that he does not "speak Legal Jargin [sic]." AA46. The District Court again denied this motion, finding that "there is nothing that Plaintiff is required to do in the prosecution of his claims" because fact discovery was completed and the parties' motions for summary judgment were fully briefed. AA49.

On February 6, 2024, the District Court granted summary judgment in favor of Appellees. The District Court found "no evidence that Plaintiff exhausted available administrative remedies"; though Lauria alleged he had submitted a grievance in his original complaint, amended complaint, and opposition brief, these submissions were "not made under penalty of perjury pursuant to 28 U.S.C.A. § 1746 and therefore may not be considered by the Court." AA13–14. The District Court therefore granted summary judgment "in favor of all Defendants as to all claims asserted by Plaintiff." AA15. Lauria appealed.

## II.    **Discussion**[1]

### A. *Consideration of Unsworn Allegations*

In granting summary judgment, the District Court relied in large part on our holding in *Doe*.  As the District Court described it, *Doe* "clearly stated that 'while an unsworn statement may be considered on summary judgment, an unsworn statement that has not been made under penalty of perjury cannot.'"  AA14 (quoting *Doe*, 923 F.3d at 315).  The District Court concluded that *Doe* required it to entirely disregard any unsworn statements when evaluating the parties' summary judgment motions: it found that it "cannot consider the unsworn statements related to exhaustion as part of its summary judgment analysis."  AA15.

This articulation of our ruling in *Doe* improperly expands the scope of our holding in a small yet significant way. In *Doe*, we held that statements that are "both unsworn and not given under the penalty of perjury" are "insufficient to create an issue of fact on summary judgment."  *Doe*, 923 F.3d at 315. This much is plainly true, and nothing in our holding today disturbs that rule.  But our holding in *Doe* does not compel

[1] We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's summary judgment decision "anew," "applying the same standard [the District Court] must apply." *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 144 (3d Cir. 2023) (internal quotation marks omitted).  The District Court was tasked with "grant[ing] summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

6

courts to completely disregard unsworn statements when assessing the propriety of summary judgment: such statements may inform a court's decision pursuant to Federal Rule of Civil Procedure 56(e) to issue appropriate orders when "a party fails to properly support an assertion of fact." Fed. R. Civ. P. 56(e). Courts possess discretion to allow litigants to address errors in their summary judgment materials, including by allowing additional time for the resubmission of unsworn allegations in supplemental affidavits. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("[D]istrict court[s] ha[ve] ample discretion to call upon the parties to remedy the defects [in summary judgment materials], by submitting supplemental affidavits or otherwise."); *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 116 n.4 (2d Cir. 2017); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985). In determining whether to exercise this discretion, courts are permitted to consider the totality of the allegations made, both sworn and unsworn.

Here, the District Court could not have considered Lauria's unsworn allegations when determining whether genuine disputes remained as to any material fact. But it remained entitled to consider Lauria's unsworn allegations as a potential reason to delay its summary judgment ruling and grant Lauria "an opportunity to properly support" his allegations or "issue any other appropriate order" pursuant to Rule 56(e). Fed. R. Civ. P. 56(e)(1), (4). Given that Lauria's failure to submit an appropriate affidavit appeared to be the product of a pro se litigant's ignorance of procedural rules—and had not been objected to by Appellees in their summary judgment briefing—the District Court may well have exercised

7

its discretion in this way had it not erroneously concluded that *Doe* barred it from doing so.[2]

## B. *Harmless Error*

Appellees contend that even if the District Court erred in its summary judgment ruling, that error was harmless because Lauria's exhaustion allegations were "defeat[ed]" by his failure to produce a "pink copy" of his grievance—a copy of the form meant to be retained by a prisoner—as "evidence that he submitted" one. Appellees' Br. at 15.

---

[2] Much of the parties' briefing is dedicated to the separate issue of whether the District Court erred in not providing affirmative notice of the procedural rules of summary judgment to Lauria. Most circuits have adopted some version of the notice requirement Lauria seeks: the Second, Fourth, Sixth, Seventh, Ninth, Eleventh, and D.C. Circuits have each recognized a notice requirement for pro se incarcerated litigants facing summary judgment. *See generally Irby v. New York City Transit Auth.*, 262 F.3d 412 (2d Cir. 2001); *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); *United States v. Ninety Three Firearms*, 330 F.3d 414 (6th Cir. 2003); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982); *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987); *Hudson v. Hardy*, 412 F.2d 1091 (D.C. Cir. 1968). Others, namely the Fifth and Eighth Circuits, have rejected such a rule. *See Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001). Because we conclude that the District Court erred in its application of *Doe*, we do not reach this issue.

Appellees' argument is unavailing. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004). Even "a single, non-conclusory affidavit . . . when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment." *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 320 (3d Cir. 2014). Lauria could have carried this burden even without a pink copy of his grievance form by submitting an affidavit or sworn pleading alleging that he had submitted a grievance form. *See, e.g.*, *Paladino v. Newsome*, 885 F.3d 203, 209 (3d Cir. 2018) (finding a plaintiff had adequately alleged exhaustion through "sworn deposition testimony"). Accordingly, the District Court's error was not harmless.

## III.  Conclusion

For the reasons set forth above, we will vacate the District Court's order granting summary judgment and remand for further consideration consistent with this opinion.

9