**SOUTHERN ILLINOIS LABORERS DISTRICT COUNCIL OF the LABORS INTERNATIONAL UNION OF NORTH AMERICA, a Labor Organization, and Danny Burnett and Fred Blades, Plaintiffs,**

v.

**SPECIAL MINE SERVICES, INC., a Corporation, Defendant.**

**Civ. No. 90–4181–JLF.**

United States District Court,
S.D. Illinois.

Dec. 14, 1990.

John P. Womick, Carbondale, Ill., for plaintiffs.

William W. Cody, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., pro hac vice, Don E. Kramer, Marion, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is Defendant Special Mine Services' (SMS) Motion to Dismiss. This complaint for injunctive relief was filed by a labor union and two former employees of SMS. The complaint alleges that the two former employees contacted plaintiff labor union with a request that the union represent them and other SMS employees. The complaint alleges that SMS subsequently threatened to discharge the employees, and later did discharge them. The complaint further alleges that the president of SMS slandered the two employees by calling them liars and not trustworthy.

SMS moves to dismiss the complaint on the ground that the claims are preempted by the National Labor Relations Act (NLRA). 29 U.S.C. §§ 151–168 (1989). This Court has recently written that

[t]he courts have long recognized that Congress gave the NLRB [National Labor Relations Board] exclusive jurisdiction over unfair labor practices. Thus, the Supreme Court has stated that the NLRA "preempts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act." *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees [v. Lockridge],* 403 U.S. 274, 276 [91 S.Ct. 1909, 1913, 29 L.Ed.2d 473] (1971) (explaining the labor law pre-emption doctrine established in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236 [79 S.Ct. 773, 3 L.Ed.2d 775] (1959)). *See also Veal v. Kerr–McGee Coal Corp.,* 682 F.Supp. 957, 959 (S.D.Ill.1988), *aff'd,* 885 F.2d 873 (7th Cir.1989) ("when an activity is either expressly or arguably protected by § 7 or prohibited by § 8 [of the NLRA], a claim arising out of that activity is preempted by the Act.")

*McDonough v. Gencorp, Inc.,* 750 F.Supp. 368, 369–70 (S.D.Ill.1990).

Section 8 of the NLRA proscribes as an unfair labor practice coercion of an employee who is exercising his rights under the NLRA. 29 U.S.C. § 158(a)(1) (1989). Section 8 also prohibits discrimination in regard to hire or tenure of employment to encourage or discourage membership in a labor organization. 29 U.S.C. § 158(a)(3) (1989). It appears that the actions complained of fall within the proscriptions of the NLRA. They are, therefore, within the exclusive domain of the NLRB, and this Court cannot exercise original jurisdiction over them.

Defendant's motion is GRANTED, and the complaint is DISMISSED. All other motions are DENIED as MOOT.

IT IS SO ORDERED.